## JEREMIAH WOOD v. S. RICHARDSON, T. W. RICHARDSON, AND W. H. GROVES.

ISSUES RAISED BY ANSWER.—If the plaintiff sues to recover damages for flowing sand and sediment upon land averred in the complaint to be his, and the answer denies that plaintiff owns the land, and that defendant *wrongfully* flowed the sand and sediment upon the land, without denying that he caused the same to flow upon the land, it does not admit that defendant caused such material to flow upon the *plaintiff's* land.

IDEM.—In such case the plaintiff's ownership of the land is put in issue.

APPEAL from the District Court, Fourteenth Judicial District, Nevada County.

This action was brought to recover damages alleged to have been sustained by plaintiff by reason of sand and sediment washed on to a tract of six acres of land, in Bloomfield, Nevada County, on the northwest bank of Knap's Creek. The complaint averred that the defendants had washed the sand, etc., out of the banks of Knap's Creek above his land, and caused it to flow down upon his land.

The answer, beside the matters mentioned in the opinion of the Court, averred that the defendants were mining for gold, and that the land was public mineral land.

The jury found a verdict for the defendants, and the Court gave judgment accordingly.

The other facts are stated in the opinion of the Court.

*D. Belden,* and *A. C. Niles,* for Appellant, in support of

their point that the Court erred in refusing the instruction asked by them, cited: *Busenius* v. *Coffee*, 14 Cal. 91; *Richardson* v. *Smith*, 29 Cal. 529; *Blood* v. *Light*, 31 Cal. 117; *Fish* v. *Redington*, 31 Cal. 185; *Leffingwell* v. *Griffing*, 31 Cal. 231; *Reed* v. *Calderwood*, 32 Cal. 109.

*A. A. Sargent,* and *T. B. Reardon,* for Respondents.

The pleadings denied plaintiff's ownership. So the plaintiff and the Court understood them. We wished to admit certain things alleged, and deny others. Plaintiff said we flowed tailings on the land wrongfully. We wished to admit that we ran tailings on a part of the land described, not on all of it, and assert that we did not do so wrongfully, because our claims were older; that we had run tailings just so and just there for twelve years, etc. Under the decision in *Busenius* v. *Coffee*, 12 Cal. 91, we admitted the fact of running tailings on that part of the land, but asserted our right so to do. Next, to meet matters of special damage, defendants denied that they had run tailings into the buildings described, and denied that they had covered the land with debris, or injured it for agricultural purposes. Our pleading, in its essential features, may be thus construed: the plaintiff does not own the land; we did not run tailings over the whole tract of land; we did not run any into the buildings described; we did not do certain other special acts of damage alleged; we did run them on a part of the land, but not unlawfully, because our custom and right so to do continuously, adversely to the plaintiff and all the world, is over five years old; our mining claims were so worked and tailings so run by us twelve years ago, and for years during which the land claimed by plaintiff in this action was vacant and waste.

Will it be considered that the Court erred in refusing, under such pleadings as these, to instruct the jury that we admitted that we " caused tailings to flow on the land of the *plaintiff?* " and that the jury are to " consider it an admitted fact that defendants did cause tailings to flow on *plaintiff's*

land?" How could we admit that we flowed plaintiff's land while denying that he owned the land?

By the Court, SAWYER, C. J. :

The only point made in appellant's brief is the refusal of the Court to give to the jury the fourth instruction asked by the plaintiff, which is in the words following :

" That the defendants in their answer have not denied the allegation of plaintiff's complaint, that the defendants caused tailings to flow upon the land of plaintiff, and the jury are bound to consider it as an admitted fact that defendants did cause tailings to flow upon plaintiff's land."

The vice in the instruction consists in the use of the words "upon the lands of the plaintiff" and upon "plaintiff's land." The answer distinctly takes issue upon the title or ownership of the land. It both denies the title and ownership of the plaintiff, and alleges title and a right in defendants to flow the tailings upon the land described in the complaint. The answer may be construed, and perhaps intentionally so, as admitting the flowing of tailings upon the land; but it denies that this was wrongfully done. The instruction not only states that the flowage upon the land described in the complaint is admitted, but also assumes, and in terms declares, that the land is the " land *of the plaintiff*"—" *the plaintiff's* land "—and in effect, if literally construed, takes the question of the ownership of the land, the title of the plaintiff, from the jury. The title, however, was directly put in issue, and the instruction, in this particular at least, is objectionable and liable to mislead the jury. We think the Court properly refused the instruction in the form presented.

Judgment and order denying new trial affirmed.